UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CUONG VIET NGUYEN,

      Petitioner,

v.                                                        Case No. 3:26-cv-512-MMH-LLL

FIELD OFFICE DIRECTOR, MIAMI
FIELD OFFICE, U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT, et al.,

      Respondents.

---

## **ORDER**

### **I. Status**

Petitioner Cuong Viet Nguyen, an immigration detainee at Baker Correctional Institute, initiated this action through counsel by filing a Verified Petition for Writ of Habeas Corpus (Doc. 1; Petition) pursuant to 28 U.S.C. § 2241 on March 10, 2026. Respondents filed a Response to Verified Petition for Writ of Habeas Corpus (Doc. 9; Response) with exhibits (Docs. 9-1 through 9-5). Nguyen filed a counseled Reply (Doc. 10; Reply). This case is ripe for review.

### **II. Background**

Nguyen, a citizen of Vietnam, entered the United States with his family on October 31, 1995, when he was eleven years old. Petition at 5. On March 28,

2006, Nguyen pled guilty to drug-related offenses. Id. at 6. He was sentenced to thirty months in federal prison. Id.

The Department of Homeland Security (DHS) initiated removal proceedings against Nguyen, and on December 31, 2009, an immigration judge ordered him removed to Vietnam. Id. Nguyen did not pursue an appeal. Id. Nguyen remained in custody until sometime in April 2010, when United States Immigration and Customs Enforcement (ICE) released him on an Order of Supervision (OSUP). Id.

On March 17, 2017, ICE re-detained Nguyen. Id. at 7. Nearly a year later, on March 5, 2018, ICE released him on a second OSUP when efforts to remove Nguyen to Vietnam failed. Id. at 8. ICE most recently detained Nguyen on December 17, 2025. Id. at 9. He remains in custody at the Baker Correctional Institute. Id. Based on these factual allegations, Nguyen raises multiple claims. Id. at 21–35. As relief, he requests, inter alia, immediate release. Id. at 35

### III. Analysis

In Counts One and Three, Nguyen argues that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because his post-removal order detention exceeds six months and there is no significant likelihood of removal in the reasonably foreseeable future. See Petition at 21–22, 26–27. Following

an order of removal, immigration detention is governed by 8 U.S.C. § 1231. See

Johnson v. Guzman Chavez, 594 U.S. 523, 543–44 (2021) ("And § 1231 explains

what to do if the alien is ordered removed."); see also Deshati v. Noem, No. 25-

cv-15940-ESK, 2025 WL 3204227, at \*2 (D.N.J. Nov. 17, 2025)[1] ("The statute

governing post-final order of removal immigration detention is 8 U.S.C.

§ 1231."). Pursuant to 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered

removed, the Attorney General shall remove the alien from the United States

within a period of 90 days." Detention during the removal period is mandatory.

8 U.S.C. § 1231(a)(2).

Nevertheless, in Zadvydas, 533 U.S. at 690, the Supreme Court held that

indefinite detention of aliens raises serious constitutional concerns. Once an

order of removal is final, ICE should make every effort to remove the alien

within a reasonable time. Id. at 701. The government may detain an alien

beyond the statutory removal period if he is, among other things, a criminal

alien or the Attorney General has determined the alien is a risk to the

community or unlikely to comply with the order of removal. 8 U.S.C.

§ 1231(a)(6). The Supreme Court in Zadvydas held that six months is a

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. at 1052 (quoting Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is a significant likelihood of removal in the reasonably foreseeable future. Zadvydas, 533 U.S. at 701.

Here, the Court first considers whether the presumptively reasonable six-month period has expired. Courts have used various methods to calculate the six-month period. Some courts have considered in the aggregate all periods of detention following an order of removal, regardless of whether the periods

4

of detention were consecutive. See Jaranow v. Bondi, - - - F. Supp. 3d - - -, 2026 WL 35864, at *3 (W.D. Wash. Jan. 6, 2026) (collecting cases from the Ninth Circuit that "have found that the six-month period of detention need not be consecutive to reach the limit established in Zadvydas"); Patel v. Bondi, No. CV 25-16218 (KMW), 2025 WL 3294353, at *2 (D.N.J. Nov. 26, 2025) (finding that the court must "consider the entire period of [the p]etitioner's detention"— not just the current length of detention). Other courts have not—instead they have determined that each period of detention restarts the removal-period clock. See Barrios v. Ripa, No. 1:25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) (rejecting a petitioner's argument "that his detention should be counted in the aggregate based upon his prior detentions," because doing so would raise constitutional concerns to "any subsequent period of detention, even one day," "[a]nd adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General— effectuating removals"); Liu v. Carter, No. 25-3036-JWL, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) ("[T]he removal-period clock restarts when an alien subject to a removal order is again detained by ICE."). Still other courts appear to have determined that the presumptively reasonable six-month period includes the 90-day statutory removal period and the 90-days immediately

5

thereafter and expires once that time has run. See Beltran v. Ripa, No. 2:25-cv-01174-SPC-NPM, 2026 WL 21252, at *2 (M.D. Fla. Jan. 5, 2026).

Respondents contend that the authority to detain Nguyen remains within the presumptively reasonable six-month period because, considering only Nguyen's most recent detention, as of the date of the filing of the Petition, ICE had detained Nguyen for approximately 83 days. Response at 4. The Court is not persuaded that the presumptively reasonable period of detention restarts with each new detention in every circumstance. Instead, the Court finds that once an individual has been detained for more than six consecutive months after his final order of removal is entered, he has met the first prong of the Zadvydas test. Here, ICE previously detained Nguyen for nearly one year—between March 17, 2017, and March 5, 2018. Petition at 7–8. As such, Nguyen has already been detained beyond the presumptively reasonable six-month period.

Because the six-month period for presumptively reasonable detention has expired, Zadvydas's burden-shifting framework applies. Nguyen has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Indeed, despite ICE's efforts for over sixteen years to remove Nguyen, Vietnam has refused to issue travel documents for him. Petition at 17. And, according to

Nguyen, Vietnam has previously requested that he be permitted to remain in the United States for humanitarian reasons.[2] Id. Thus far, Vietnam has refused to accept Nguyen for repatriation, and there is no evidence that any other country has been willing to accept him. Thus, the burden shifts to Respondents.

The Court finds that Respondents have not submitted evidence sufficient to rebut Nguyen's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Respondents argue that other courts have recognized that "the relationship between Vietnam and the United States 'has changed since January 2025, travel documents are being approved, and removals are happening at an increasing rate.'" Response at 8 (citing Nguyen v. Noem, 797 F. Supp. 3d 651, 668 (N.D. Tex. Aug. 10, 2025)).

The Court does not find this assertion persuasive. Respondents generally describe a change in the United States's diplomatic relationship with Vietnam. However, there is no evidence that this change has specifically affected Nguyen's prospects for removal. Indeed, it does not appear that ICE has recently obtained a Vietnamese travel document for Nguyen, that Vietnam

---

[2] In support of his assertion, Nguyen attaches a 2008 agreement between Vietnam and the United States that establishes a process by which the United States can seek repatriation of individuals from Vietnam who entered the United States on or after July 12, 1995. See Doc. 1-3. The 2008 agreement provides that repatriation "should take into account the humanitarian aspect, family unity and circumstances of each person in each individual case." Id. at 4.

7

intends to accept Nguyen, or that ICE has communicated with Vietnam regarding Nguyen at all since it detained him in December 2025.

Moreover, Respondents reliance on Nguyen is misguided. In Nguyen, the Government not only relied on the increase in removals to Vietnam as evidence of a substantial likelihood of removal in the reasonably foreseeable future, but also provided evidence that it had secured travel documents for that petitioner and provided the district court with an exact date for the petitioner's removal. 797 F. Supp. 3d at 669. Here, in contrast, Respondents provide absolutely no evidence—sworn declaration or otherwise—that it has taken any steps toward removing Nguyen to Vietnam. Therefore, based on the above, the Court finds Respondents have failed to show that there is a significant likelihood Nguyen will be removed in the reasonably foreseeable future. Therefore, Nguyen is entitled to release from detention under Zadvydas.

Because the Court will grant the Petition on the basis of Nguyen's Zadvydas claim, Counts One and Three, it need not, and does not, address Nguyen's remaining claims. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); see, e.g., Pena-Gil v. Lyons, No. 25-CV-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025) ("Because the

Court will grant petitioner's petition on the basis of his <u>Zadvydas</u> claims, . . . it need not reach petitioner's remaining claims that contest petitioner's detention.").

Accordingly, it is **ORDERED**:

1.      Nguyen's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Counts One and Three. Respondents shall release Nguyen **within 24 hours** of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected. Nguyen shall be subject to his preexisting Order of Supervision. The Petition (Doc. 1) is otherwise **DENIED without prejudice** as moot.

2.      The **Clerk** is directed to terminate any motions; enter judgment granting the Petition as to Counts One and Three and otherwise denying the remaining claims; and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of April, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 4/27
c:      Counsel of record

9